FILED & ENTERED

OCT 08 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust DEPUTY CLERK

# NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>ERICA M. ADAM,<br><br>Debtor. | Case. No. 9:12-bk-12968-PC<br><br>Adversary No. 9:12-ap-01295-PC<br><br>Chapter 7 |
| GREGORY LEE DOBIN,<br><br>Plaintiff,<br>v.<br><br>ERICA M. ADAM,<br><br>Defendant. | **MEMORANDUM DECISION REGARDING PLAINTIFF, GREGORY LEE DOBIN'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT, ERICA M. ADAM'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: August 29, 2013<br>Time: 10:30 a.m.<br>Place: United States Bankruptcy Court<br>Courtroom # 202<br>1415 State Street<br>Santa Barbara, CA 93101 |

At the above captioned date and time, the court considered the Motion for Summary Judgment filed by Plaintiff, Gregory Lee Dobin ("Dobin") and the Motion for Summary Judgment filed by Defendant, Erica M. Adam ("Adam"). Appearances were stated on the record. Having considered the motions, the respective responses in opposition thereto, the summary judgment evidence and argument of counsel, the court will deny Dobin's motion and

grant, in part, and deny, in part, Adam's motion based on the findings set forth herein made pursuant to F.R.Civ.P. 56,[1] as incorporated into FRBP 7056 and applied to contested matters by FRBP 9014(c).

A. Standard for Summary Judgment.

1. Rule 56(a) authorizes a party to "move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." F.R.Civ.P. 56(a). Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.

2. In determining whether a genuine factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial . . . . If the evidence is merely colorable, or is not significantly probative, . . . summary judgment may be granted. Id. at 249–250. However, the court's function on a motion for summary judgment is "issue-finding, not issue-resolution." United States v. One Tintoretto Painting Entitled "The Holy Catholic Family With Saint Catherine and Honored Donor, 691 F.2d 603, 606 (2d Cir. 1982).

3. Rule 56 does not permit "trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are [fact finder] functions . . . ." Anderson, 477 U.S. at 255.

4. Rule 56(c), which identifies the procedures the court and parties must follow in

[1] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P."). "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("LBR").

conjunction with motions for summary judgment, states:

> (1) **Supporting Factual Positions**. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) **Objection That a Fact Is Not Supported by Admissible Evidence**. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) **Materials Not Cited**. The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) **Affidavits or Declarations**. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

F.R.Civ.P. 56(c). The court may grant summary judgment "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)." See F.R.Civ.P. 56(e)(3).

5. The court may, after notice and a reasonable opportunity to respond, grant summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. F.R.Civ.P. 56(f)(3).

B. Undisputed Facts.

The following facts are either established by the summary judgment evidence or not genuinely in dispute:

1. In or about August of 1998, Adam, Dobin, and Stefan Adam entered into a partnership to own and operate a horse boarding facility to be called Equestrian Performance Center ("EPC"). At the time, Adam and Dobin were husband and wife.
2. EPC acquired certain real property at 2182 Tierra Rejada Road, Moorpark, California (the "Property"). Hildegard Adam provided $167,000 to the partnership in exchange for a 20% interest in the profits of the partnership. "The Property was purchased in 1999, with title held in the name of Hildegard Adam and her nephew, Stefan Adam."[2]
3. On October 12, 1999, Dobin and Adam filed a voluntary chapter 13 petition in Case No. 1:99-bk-21852-KT, In re Gregory Dobin, et. ux, Debtors, in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division (the "1999 Bankruptcy").
4. The Property was acquired before Dobin and Adam filed the bankruptcy case in 1999.[3]
5. In response to Question 13 in Schedule B filed on October 12, 1999, which directs a debtor to itemize "[i]nterests in partnerships or joint ventures" owned or held on the petition date, Dobin and Adam each answered under penalty of perjury: "None."
6. The interest of Dobin and Adam in EPC, the business operated by EPC, and the Property was not disclosed in the schedules and statements filed in Case No. 1:99-bk-21852-KT. The case was converted to chapter 7 on November 18, 1999, Dobin and Adam received a discharge on March 2, 2000, and the case was closed as a "no asset" case on March 7, 2000.
7. On August 17, 2000, Dobin and Adam filed a voluntary chapter 13 petition in Case No. 1:00-bk-17500-KT, In re Gregory Dobin, et. ux, Debtors, in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division.

---

[2] Request for Judicial Notice in Support of Debtor's Opposition to Plaintiff's Motion for Summary Judgment ("Adam RJN"), Exh. 3, 2:27-28.

[3] Declaration of Erica Adam Re Response to Plaintiff's Motion for Summary Judgment, 3:6-8.

8. In response to Question 13 in Schedule B filed on September 18, 2000, which directs a debtor to itemize "[i]nterests in partnerships or joint ventures" owned or held on the petition date, Dobin and Adam each answered under penalty of perjury: "None."

9. The interest of Dobin and Adam in EPC, the business operated by EPC, and the Property was not disclosed in the schedules and statements filed in Case No. 1:00-bk-17500-KT. The case was dismissed on October 23, 2000.

10. On February 5, 2001, Dobin and Adam filed a third voluntary chapter 13 petition in Case No. 1:01-bk-10909-KT, In re Gregory Dobin, et. ux, Debtors, in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division.

11. In response to Question 13 in Schedule B filed on March 7, 2001, which directs a debtor to itemize "[i]nterests in partnerships or joint ventures" owned or held on the petition date, Dobin and Adam each answered under penalty of perjury: "None."

12. The interest of Dobin and Adam in EPC, the business operated by EPC, and the Property was not disclosed in the schedules and statements filed in Case No. 1:01-bk-10909-KT. The case was dismissed on May 24, 2001.

13. On October 24, 2003, Adam filed a petition in Case No. SD 029371, Dobin v. Dobin, in the Superior Court of California, County of Ventura ("Dissolution Complaint").

14. On June 14, 2004, Dobin filed a first amended complaint against Adam in Case No. SD 029371 seeking a dissolution of EPC, LLC, a partition of the Property, and damages for alleged breach of contract, fraud in the inducement, and conversion ("Civil Complaint").

15. In the Civil Complaint, Dobin alleged, among other things, that: (a) Dobin, Adam, Stefan Adam, and Hildegard Adam entered into an oral agreement in 2003 which modified the terms of the original partnership agreement for EPC; (b) Stefan Adam withdrew from the partnership in 2003; (c) "[i]t was orally agreed by the parties that DOBIN and [Adam] would thereafter hold equitable title to 80% of the business and real property and [Hildegard Adam] would be given 20% equitable interest in the

business and real property in satisfaction for loans made by [Hildegard Adam] to acquire the real property and start the business[;]" (d) "[i]t was orally agreed to pay Stefan Adam for his interest but no amount was determined[;]" (e) "[d]uring 2003, [Hildegard Adam] incorporated . . . EPC, LLC[;] and (f) Hildegard Adam and Adam transferred the assets of EPC into EPC, LLC without Dobin's knowledge or consent.[4]

16. The Dissolution Complaint was consolidated with the Civil Complaint for a trial without a jury before the state court which occurred over a period of 22 days, commencing on November 10, 2005 and ending on August 3, 2009.[5]

17. On or about October 29, 2009, the state court entered a judgment resolving both the Dissolution Complaint and the Civil Complaint ("Original Judgment").

18. On April 20, 2010, the state court entered an Amended Judgment which superseded and replaced the Original Judgment in its entirety, effective October 29, 2009.

19. The Amended Judgment noted that the court awarded the Original Judgment in two parts: "One part expressly resolve[d] the family law action; the other resolve[d] the joined civil action. Each part was signed on October 5, 2009 and filed on October 29, 2009, and together are referred to herein as the 'Original Judgment'."[6]

20. The Amended Judgment ordered, in pertinent part, the following:

> 1. The Court's Original Judgment is replaced in its entirety by this Amended Judgment, which is entered nunc pro tunc, effective as of October 29, 2009. The family law judgment attached herewith is identical to the family law judgment signed on October 5, 2009 and filed on October 29, 2009 but for changes to reflect the Court's order on McHugh's motion to vacate and to incorporate this Amended Judgment. The two parts – this Amended Judgment and the revised family law judgment – shall be signed and filed together and will constitute the revised judgment.

[4] Adam RJN, Exh. 2, 4:1-8.

[5] Request for Judicial Notice in Support of Motion for Summary Judgment ("Dobin RJN"), Exh. 1, 1:26 - 2:1.

[6] Dobin RJN, Exh. 1, 2:17-19.

2. Gregory Dobin shall recover as and against Hildegard Adam, Erica Adam, EPC LLC and Equestrian Properties, LLC lost profits in the sum of $30,200;

3. Gregory Dobin shall recover as and against Hildegard Adam, Erica Adam, EPC LLC and Equestrian Properties, LLC the additional sum of $46,000 representing 40% of the proceeds from the $115,000 loan obtained using the [Property] as security therefore during the pendency of the action;

4. Gregory Dobin is awarded the entire interests, if any, of defendants Hildegard Adam, Erica Adam, EPC LLC and Equestrian Properties, LLC in the [Property] and the entire interests of defendants Hildegard Adam, Erica Adam, EPC LLC and Equestrian Properties, LLC in the business operated at the [Property], including Partnership Personal Property, as punitive damages. The title of said persons and entities to the Partnership Personal Property shall be changed to reflect ownership by Gregory Dobin.

5. Gregory Dobin shall recover costs against Hildegard Adam, Erica Adam, EPC LLC and Equestrian Properties, LLC pursuant to a timely filed memorandum of costs.[7]

21. The revised Family Law Judgment attached to the Amended Judgment states, in pertinent part:

1. Neither party has established the right to an award of spousal support. The Court retains jurisdiction over the issue of spousal support until the death of either party, the remarriage of the party seeking support, or further order of the Court.

2. The Court finds by clear and convincing evidence that Erica Adam breached her fiduciary duties owing to Gregory Dobin by denying the existence of the partnership she knew to exist and that her conduct was fraudulent as defined in Civil Code section 3294.…

7. The Court awards to Gregory Dobin the entire community interest in, or any claims to a community interest in, the [Property] as well as any interest in the entities known as EPC, LLC, Equestrian Performance Center, and Equestrian Properties, LLC. . . .

[7] Id. at 2:24 – 3:16 (emphasis in original).

10. The Court finds that Mr. Dobin is entitled to recover from Erica Adam the attorneys fees he has incurred in connection with these actions in the sum of $300,000.

11. As a result of the division of community property, Gregory Dobin has received $12,484 more than Erica Adam has received. Mr. Dobin therefore owes $6,242 to equalize the division of community property which shall be a credit against the attorney fee award.[8]

22. On December 15, 2011, a Judgment was entered in Case No. 56-2010-00366921, styled Daniel J. McHugh, et. al. v. Dobin, et al. in the Superior Court of California, County of Ventura, in which the court adjudicated an action to quiet title between McHugh and Dobin and determined that Dobin owned the Property "subject to all valid liens . . . ."[9]

23. In the Final Statement of Decision entered in Case No. 56-2010-00366921 on December 15, 2011, the state court found specifically that Dobin and Adam in conjunction with a consolidation loan from McHugh in 2003 "continued to represent, as they had in the past, that they had no ownership interest in the Property" and further, that "[t]heir representations of having no ownership interest in the Property were part of a concerted and ongoing effort to hide assets from the IRS, the Bankruptcy Court, and past and future creditors."[10]

C. Dobin is not Entitled to a Summary Judgment Declaring the Debt Non-Dischargeable Under 11 U.S.C. § 523(a)(15).

1. Dobin's motion states that it is based "on the grounds that the damages and attorneys fees awarded as part of the parties' divorce decree is not dischargeable pursuant to 11 U.S.C. § 523(a)(15)."[11] Dobin then argues in the motion that the debt owed by Adam is non-

---

[8] Id. at 6-7 (emphasis added).

[9] Adam RJN, Exh. 3, 20:28-21:1.

[10] Id., Exh. 3, 18-23.

[11] Dobin Motion, 1:24-26.

dischargeable under 11 U.S.C. § 523(a)(15) "because it is owed to a former spouse and was incurred by the Debtor in the course of a divorce."[12]

2. On November 2, 2012, Dobin filed a Complaint by Creditors [sic] Gregory Lee Dobin to Determine Non-Dischargeability of Debts Owed by Debtor, Erica M. Adam ("Adversary Complaint") in this adversary proceeding seeking a determination that amounts allegedly due on the petition date by Adam to Dobin under the Amended Judgment are non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).

3. Because a cause of action for non-dischargeability under 11 U.S.C. § 523(a)(15) is not set forth in the Adversary Complaint, Dobin's motion based on such ground is denied without prejudice.

D. <u>There are Genuine Issues Which Preclude a Summary Judgment on Dobin's First Claim for Relief Under 11 U.S.C. § 523(a)(2)(A)</u>.

1. Section 523(a)(2)(A) excepts from discharge a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud . . . ." 11 U.S.C. § 523(a)(2)(A).

2. Dobin seeks a determination that Adam is liable for the full amount of the judgment issued in the "civil action" and that such debt is nondischargeable under § 523(a)(2)(A).[13]

3. Dobin lacked standing to assert a fraud in the inducement cause of action in the Civil Complaint in the underlying state court action. As a result, Dobin lacks standing to assert that any judgment Dobin obtained on account of such fraud in the inducement claim is non-dischargeable in Adam's bankruptcy case.

a. Lack of standing negates a cause of action and is not waived by failure to object. <u>Cummings v. Stanley</u>, 177 Cal.App.4th 493, 501 (2009).

b. In his Civil Complaint filed on June 14, 2004, Dobin alleges a claim of fraud in the inducement based upon alleged false representations made in 1997 to

---

[12] <u>Id.</u> 4:12-14.

[13] Dobin Adversary Complaint, 6:12-17.

induce him to enter into the EPC partnership and to purchase the Property.[14] Dobin further alleges that as a result of such false representations, he was damaged in the value of the business and the real property.[15]

c. The elements of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages. Magpali v. Farmers Group, Inc., 48 Cal.App.4th 471, 484 (1996).

d. Fraud is a personal cause of action under California law. Greenfield v. Fritz Companies, Inc., 98 Cal.Rptr.2d 530, 536 (2000).

e. In California, the tort of fraud in the inducement arises the moment the plaintiff suffers reliance damages. Alexander v. Farmers Group, Inc., 2004 WL 1344885, at *11 (2004).

f. It is undisputed that Dobin and Adam failed to disclose their interest in EPC, the business operated by EPC, and the Property in the 1999 Bankruptcy. It is also undisputed that Dobin's reliance on representations made the basis of Dobin's fraud in the inducement cause of action in the Civil Complaint preceded the date of the 1999 Bankruptcy.

g. Property of the estate that is not scheduled or otherwise administered by the time the case is closed remains property of the estate forever. In re Chen, 308 B.R. 448, 461 (9th Cir. BAP 2004).

3. There are genuine issues as to the facts forming the basis of the state court's fraud finding in the Family Law Judgment and the damages, if any, attributable to such claim.

4. There is a genuine issue regarding whether the relief granted in the Amended Judgment with respect to the Civil Complaint represented an adjudication of damages proximately caused by Dobin's fraud in the inducement claim, or whether the relief granted in the Amended Judgment on the Civil Complaint is attributable to one or more of the other causes of action alleged in Dobin's first amended state court complaint, i.e., breach of contract, partition, dissolution of partnership, or conversion.

---

[14] Adam RJN, Exh. 2, 3:4-18; 8:6-15.

[15] Id., Exh. 2, 8:26-27.

5. There are genuine issues as to (a) what amount, if any, of the $300,000 attorneys fee award contained in paragraph 10 of Attachment A to the Family Law Judgment is attributable to causes of action alleged in the Civil Complaint as opposed to the Dissolution Complaint; (b) the identity of the specific causes of action in the Civil Complaint that formed the basis for the award of some or all of such attorneys fees; and (c) the amounts attributable to such causes of action for which nondischargeability under § 523(a)(2)(A) is sought.

6. There is a genuine issue as to what extent, if any, Dobin had recovered the damages and interests in the Property awarded under the Amended Judgment prior to the filing of the petition in the above referenced bankruptcy case.

E. There are Genuine Issues of Material Fact Which Preclude a Summary Judgment on Dobin's Second Claim for Relief Under 11 U.S.C. § 523(a)(4).

1. Section 523(a)(4) excepts from discharge "any debt for fraud or defalcation while acting in a fiduciary capacity. . . ." 11 U.S.C. § 523(a)(4).

2. When a non-dischargeability complaint is based on fraud or defalcation in a fiduciary relationship, the movant must prove: (1) the debtor was acting in a fiduciary capacity; and (2) while acting in that capacity, the debtor engaged in fraud or defalcation. In re Stanifer, 236 B.R. 709, 713 (9th Cir. BAP 1999).

3. The meaning of "fiduciary capacity" under § 523(a)(4) is narrowly construed to apply only to relationships involving express or technical trust relationships, and not trusts that are imposed by law as a remedy. See In re Cantrell, 329 F.3d 1119 (9th Cir. 2003), In re Lewis, 97 F.3d 1182, 1185 (9th Cir. 1996).

4. In California, partners in a partnership are fiduciaries within the meaning of § 523(a)(4). Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir. 1986). Furthermore, spouses are fiduciaries for the purposes of § 523(a)(4) with respect to dealings with community property. Stanifer, 236 B.R. at 718 (9th Cir. BAP 1999).

5. The Family Law Judgment attached to the Amended Judgment states: "The Court finds by clear and convincing evidence that Erica Adam breached her fiduciary duties owing to

Gregory Dobin by denying the existence of the partnership she knew to exist and that her conduct was fraudulent as defined in Civil Code section 3294."[16]

6. Dobin seeks a determination that he is entitled to damages equal to the value of the business and Property, plus $300,000 in attorneys fees, awarded under the Family Law on account of a breach of fiduciary duty by Adam, and that such debt is nondischargeable under § 523(a)(4).[17]

7. There is a genuine issue regarding whether the relief granted with respect to the Dissolution Complaint in the Family Law Judgment attached to the Amended Judgment represented an adjudication of damages proximately caused by Dobin's breach of fiduciary duty claim. There is a specific finding in the Family Law Judgment that Adam breached a fiduciary duty to Dobin, but there is no specific finding in the Family Law Judgment regarding damages proximately caused by such breach of fiduciary duty.

8. There are genuine issues as to (a) what amount, if any, of the $300,000 attorneys fee award contained in paragraph 10 of Attachment A to the Family Law Judgment is attributable to causes of action alleged in the Civil Complaint as opposed to the Dissolution Complaint; (b) the identity of the specific causes of action that formed the basis for the award of some or all of such attorneys fees; and (c) the amount of attorneys fees attributable to the causes of action for which nondischargeability under § 523(a)(4) is sought.

9. There is a genuine issue as to what extent, if any, Dobin had recovered the damages and interests in the Property awarded under the Amended Judgment prior to the filing of the petition in the above referenced bankruptcy case.

F. <u>There are Genuine Issues of Material Fact Which Preclude a Summary Judgment on Dobin's Second Claim for Relief Under 11 U.S.C. § 523(a)(6)</u>.

1. Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

---

[16] Dobin RJN, Exh. 1, at 6.

[17] Dobin Adversary Complaint, 7:11-16.

Dobin seeks a determination that Adam is liable for the full amount of the Amended Judgment and that such debt is nondischargeable under § 523(6) because "(1) a debt exists through the state court judgment for damages as well as costs and attorneys fees; and (2) the award stems from the fact that '***Erica Adam breached her fiduciary duties owing to Gregory Dobin*** by denying the existence of the partnership ***she knew to exist*** and that her conduct was ***fraudulent*** as defined in Civil Code section 3294.'"[18]

2. As previously stated, Dobin lacked standing to assert a fraud in the inducement cause of action in the Civil Complaint in the underlying state court action. As a result, Dobin lacks standing to assert that any judgment Dobin obtained on account of such fraud in the inducement claim is non-dischargeable in Adam's bankruptcy case given the failure of Dobin and Adam to disclose their interest in EPC, the business operated by EPC, and the Property in the 1999 Bankruptcy. To the extent that Dobin's claim under § 523(a)(6) is based on the fraud in the inducement claim contained in the Civil Complaint, Dobin has no standing to assert such a claim.

3. There are genuine issues as to the facts forming the basis of the state court's fraud finding in the Family Law Judgment and damages, if any, attributable to such fraud.

4. There is a genuine issue as to (a) what amount, if any, of the $300,000 attorneys fee award contained in paragraph 10 of Attachment A to the Family Law Judgment is attributable to causes of action alleged in the Civil Complaint as opposed to the Dissolution Complaint; (b) the identity of the specific causes of action that formed the basis for the award of some or all of such attorneys fees; and (c) the amounts attributable to such causes of action for which nondischargeability under § 523(a)(6) is sought.

5. There is a genuine issue as to what extent, if any, Dobin had recovered the damages and interests in the Property awarded under the Amended Judgment prior to the filing of the petition in the above referenced bankruptcy case.

6. There is a genuine issue of material fact as to the issue of just cause or excuse.

---

[18] Dobin Motion, 9:15-18 (emphasis in original).

Finally, the court notes that neither Dobin nor Adam has concluded discovery in this adversary proceeding. The discovery deadline has been extended by the court. Under such circumstances, the court has discretion to deny a motion under Rule 56. See F.R.Civ.P. (d)(1).

CONCLUSION

For the reasons stated, the court will enter (a) an order denying Dobin's motion for summary judgment; and (b) and order granting, in part, and denying, in part, Adam's motion for summary judgment.

###

Date: October 8, 2013

Peter H. Carroll
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **Memorandum Decision Regarding Plaintiff, Gregory Lee Dobin's Motion for Summary Judgment and Defendant, Erica M. Adam's Motion for Summary Judgment** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner stated below:

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) 10-8-2013 , the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Arthur Carvalho acjesq@gmail.com, acjesq@gmail.com
- Chris Gautschi sanschromo@yahoo.com
- Sandra McBeth (TR) jwalker@mcbethlegal.com, CA65@ecfcbis.com
- United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

☐ Service information continued on attached page